(No. 20549.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, *vs.* THE DEEP ROCK OIL CORPORATION, Defendant.

*Opinion filed February 18, 1931—Rehearing denied April 14, 1931.*

Oscar E. Carlstrom, Attorney General, Montgomery S. Winning, Joel C. Fitch, and Harlington Wood, for the plaintiff.

MALCOLM D. OWEN, and JOHN M. CAMPBELL, for the defendant.

SAMUEL A. ETTELSON, Corporation Counsel, and EDWARD C. HIGGINS, for the city of Chicago.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an original action in debt filed by leave of this court to recover from defendant $69,872.75, arising on the sale to the city of Chicago of 2,376,624 gallons of gasoline, alleged to be due plaintiff under the Motor Fuel Tax act. Defendant demurred to plaintiff's declaration upon four grounds: First, this court is not vested with original jurisdiction to hear and determine the matter in controversy; second, the cause involves questions of accounting between the parties, and in such matters this court has not original jurisdiction; third, the act under which recovery is sought (Motor Fuel Tax act) is unconstitutional, invalid and void; fourth, the money sought to be recovered is an alleged tax upon gasoline sold the city of Chicago and used for municipal purposes, and that such use is exempt by law from taxation. By leave of court the city of Chicago was permitted to file briefs in support of defendant's demurrer but did not become party defendant.

The question of jurisdiction in this court to determine this cause as an original action was determined by this court at the time leave to file the action was granted, but objection is further urged here. Section 2 of article 6 of the constitution provides that "the Supreme Court * * * shall have original jurisdiction in cases relating to the revenue, in *mandamus* and *habeas corpus*." If the action here is one relating to the revenue this court has jurisdiction of it. The Motor Fuel Tax act is "An act in relation to a tax upon the privilege of operating motor vehicles upon the public highways, based upon the consumption of motor fuel therein, and making certain appropriations in connection

therewith." (Smith's Stat. 1929, p. 2448.) The act provides that the purchaser of gasoline for use in operating motor vehicles on the highways of the State shall pay, at the time of purchase, a tax of three cents per gallon on all gasoline so used. It further provides for the collection of such tax, its deposit in the State treasury, and the use thereof by the State and the counties of the State for the construction of highways by the State and the several counties. It cannot be seriously argued that funds so collected and paid to the State do not constitute revenue. They are to be used for the benefit of the public at large in accordance with the provisions of the act. A case coming more directly within the provisions of section 2 of article 6 of the constitution is difficult to discover.

The second specification of the demurrer also attacks the jurisdiction of this court on the ground that an accounting is involved. The declaration alleges that defendant is a licensed distributor of motor fuel under said act; that it has under oath reported to the Department of Finance that it has sold to the city of Chicago 2,376,624 gallons of gasoline; that it has neglected and refused to pay in the tax thereon at the rate of three cents per gallon, less two per cent as an allowance for the cost of collecting the same, and that the amount of such tax is $69,872.75. These allegations of facts are admitted by the demurrer, and it can not be said that there is a question of accounting involved in the suit. Counsel also argue that to permit this suit to be prosecuted is to open the door to many others of like character. The fact that original jurisdiction of this cause rests in this court does not mean that it or suits of like character may be filed as a matter of right. Leave to file this suit was granted because of the State-wide public importance not only of the subject matter but of an early disposition of it. This court has jurisdiction of the cause.

The third ground of demurrer is that the Motor Fuel Tax act is invalid because it contravenes certain provisions

of the State and Federal constitutions, (*a*) because it is double taxation; (*b*) the arbitrary exclusion of kerosene oil and electricity as a motor fuel from the provisions of the act is an unreasonable discrimination against persons using gasoline, contrary to the constitutional requirement of uniformity and the equal protection clause of the State and Federal constitution; and (*c*) section 13 of the Motor Fuel Tax law, relative to the reimbursement of a tax on motor fuel not used in motor vehicles on highways, violates section 20 of article 4 of the constitution of Illinois forbidding the State to make donations or loans of credit and the due process guaranty of the fourteenth amendment to the constitution of the United States. Counsel for defendant in their reply brief have expressly abandoned this last ground of demurrer and consideration of it becomes unnecessary.

It is also contended by counsel for the city that even though the act be held valid it has no application to a city when the gasoline purchased is used by such city for municipal purposes.

In support of the contention that this act provides for double taxation, counsel for the city of Chicago in particular argue that it in fact taxes gasoline as property under the guise of a privilege tax, while counsel for the defendant say that whether the act provides for double property taxation or double privilege taxation it is equally pernicious.

Section 2 provides: "A tax is hereby imposed on the privilege of operating motor vehicles upon the public highways of this State after July 31, 1929, at the rate of three cents per gallon of all motor fuel used in such motor vehicles upon such public highways." It is provided by section 6 as follows: "Each distributor who sells any motor fuel for any purpose after July 31, 1929, shall collect from the purchaser at the time of such sale, three cents per gallon on all motor fuel sold, and at the time of making the monthly return the distributor shall pay to the Department of Finance the amount so collected, and shall also pay to the de-

partment three cents per gallon on all motor fuel used by him during the period covered by the return. * * * In each subsequent sale of motor fuel on which the three cents per gallon has been collected as herein provided, the amount so collected shall be added to the selling price, so that said amount is paid ultimately by the user of said motor fuel. However, no collection or payment shall be made in the case of the sale or use of any motor fuel which may not, under the constitution and statutes of the United States, be made the subject of taxation by this State." Section 17 is as follows: "It is the purpose of this act to impose a tax upon the privilege of operating each motor vehicle upon the public highways of this State, such tax to be based upon the consumption of motor fuel in such motor vehicle, so far as the same may be done, under the constitution, and statutes of the United States, and the constitution of the State of Illinois. If any of the provisions of this act include transactions which are not taxable, or are in any other respect unconstitutional, it is the intent of the General Assembly that so far as possible, the remaining provisions of the act be given effect."

That a tax on the use of gasoline in motor vehicles on the highways is an excise or privilege tax and not a property tax, and that the State has power to select that use, as distinguished from others, upon which to impose an excise tax has been definitely settled by the decisions of this court and courts of other jurisdictions. (*Chicago Motor Club* v. *Kinney,* 329 Ill. 120; *Foster & Creighton Co.* v. *Graham,* 285 S. W. (Tenn.) 570, 47 A. L. R. 971; *Standard Oil Co.* v. *Brodie,* 153 Ark. 114, 239 S. W. 753; *Gafill* v. *Bracken,* 195 Ind. 551, 145 N. E. 312; *State* v. *Hart,* 125 Wash. 520, 217 Pac. 45; *Altitude Oil Co.* v. *People,* 70 Col. 452, 202 Pac. 180; *City of Portland* v. *Kozer,* 108 Ore. 375, 217 Pac. 833; *Bowman* v. *Continental Oil Co.* 256 U. S. 642, 41-65 L. ed. 1139; *Texas Co.* v. *Brown,* 258 id. 466, 66 L. ed. 721.) The tax under consideration here is not

unlike, in this respect, wheel tax ordinances, which impose a tax for the privilege of using vehicles on the streets. The owner of such vehicles may be required to pay an *ad valorem* tax thereon and may likewise be required to pay a tax upon the right or privilege of the use of them, which is an entirely different thing. While the particular use taxed is an element of property it is but one of such elements, and does not, in and of itself, constitute property. Taxation upon values, an occupation tax or license, and a tax on the privilege of using vehicles on the public streets are different subjects and do not constitute double or triple taxation because paid by one person. (*City of Lincoln* v. *Gerard,* 329 Ill. 501; *Roe* v. *City of Jacksonville,* 319 id. 215; *Harder's Storage Co.* v. *City of Chicago,* 235 id. 58.) The act imposes a tax on the privilege of operating motor vehicles upon the public highway and is not a property tax.

It is then to be determined whether the act under consideration imposes a double privilege or excise tax. It is a rule of statutory construction that double taxation will never be presumed, and before that effect will be given a statute it must unmistakably appear that the legislature so intended it. *New York Central Railroad Co.* v. *Stevenson,* 277 Ill. 474; *Tennessee* v. *Whetworth,* 117 U. S. 129; Cooley on Taxation, 165.

The Motor Fuel Tax act under consideration was enacted at the 1929 session of the legislature. It provided that the tax shall, when collected, be placed in a special fund known as the motor fuel tax fund, and that it be divided between the State and the several counties, to be used in accordance with the provisions of sections 9 and 11 of the act. At the same session sections 8 and 9 of the Motor Vehicle act, providing for motor vehicle license fees, graduated according to the kind and capacity of the vehicle, were amended. (Laws of 1929, p. 655.) The fees so collected shall be deposited in the State treasury and set apart as a special fund known as the road fund, to be used for the purposes

specified in section 36 of the Motor Vehicle act. (Smith's Stat. 1929, sec. 237, p. 2715.) At the same session sections 9, 15d and 32 of article 4 of the act of 1913 entitled "State aid roads" were amended (Laws of 1929, p. 666; Smith's Stat. 1929, p. 2343,) to read, as to section 9, in part: "The provisions hereof shall not preclude the construction and maintenance of State aid roads in accordance with the provisions of the 'Motor Fuel Tax law' enacted by the Fifty-sixth General Assembly." Section 15d was made to read, in part: "The provisions hereof shall not preclude: 1. The construction of State aid roads in accordance with the provisions of the 'Motor Fuel Tax law' enacted by the Fifty-sixth General Assembly. * * * 2. The use of funds from the motor fuel tax fund in accordance with the provisions of the 'Motor Fuel Tax law' enacted by the Fifty-sixth General Assembly." Section 32 was amended to read, in part: "The provisions hereof shall not preclude the use of funds from the motor fuel tax fund in accordance with the provisions of the 'Motor Fuel Tax law' enacted by the Fifty-sixth General Assembly." All of said acts having been passed at the same session of the legislature, the rule of construction applicable thereto is that each should receive a construction, if possible, which will give effect to all, as each is supposed to speak the minds of the same law-makers, and the words used in each should be qualified and restricted, if necessary, so as to give validity and effect to all of the acts. (*Hoyne* v. *Danisch,* 264 Ill. 467; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 306 id. 459; *People* v. *Illinois Central Railroad Co.* 337 id. 276.) When these acts are read together they provide a complete scheme for financing State road construction in this State. These taxes, while both excises, are similar neither in character nor amount. One is based on the character and horse power of the vehicle, and the other is limited to the use of the highways as measured by the amount of gasoline consumed in such use.

In *Standard Oil Co.* v. *Brodie, supra,* the constitutionality of a motor fuel tax act was raised. It was contended that the act should not be sustained as it imposed a tax on automobiles used on the public highways, while such a tax had been imposed under another statute passed by the legislature and approved by the Governor but a few days before the passage of the Motor Fuel Tax act there under consideration. That court held that as one statute levied a privilege tax according to the capacity of the car while the other imposed a privilege tax according to the extent of the use of the car, the two acts did not constitute double taxation.

In *Interstate Busses Corp.* v. *Blodgett,* 276 U. S. 245, 72 L. ed. 551, the bus company was engaged in interstate transportation of passengers in motor busses and sought to enjoin the collection of a tax of one cent for each mile of highway traversed by any motor vehicle used in interstate commerce, as an excise on the use of such highways, the proceeds to be applied to the maintenance of the public highways of the State. It was conceded that the bus company paid a personal property tax on its busses used in the State, a registration or license fee for each vehicle so used, and also two cents a gallon on gasoline purchased within the State, which in practice was absorbed by it (the consumer) in the purchase price. No mileage tax was imposed upon motor vehicles used in intrastate commerce, but the act subjected all companies engaged in intrastate motor bus transportation to an excise tax of three per cent of their gross receipts, less such taxes as they paid locally on their real and tangible personal property. It was argued that the tax was discriminatory, in that, as shown by the uncontradicted allegations in the bill, the bus company was already contributing to the maintenance of the highways of the State in the same manner and to the same extent as others, in the payment of its personal property tax on busses, a registration or license fee, and the gasoline tax.

In sustaining the act the court said: "Appellant plainly does not establish discrimination by showing, merely, that two statutes are different in form or adopt a different measure or method of assessment, or that it is subject to three kinds of taxes while intrastate carriers are subject to only two or one. * * * That appellant is already contributing to highway maintenance is not in itself significant, for the State does not exceed its constitutional power by imposing more than one form of tax as a charge for the use of its highways in interstate commerce."

There is no constitutional inhibition against more than one privilege or excise tax where the total does not exceed reasonable taxation for the privilege enjoyed. It is incumbent on the defendant to show that the aggregate charge bears no reasonable relation to the privilege granted. (*Interstate Busses Corp.* v. *Blodgett, supra.*) This the defendant has not attempted to do. This ground of demurrer can not be sustained.

It is next contended that the arbitrary exclusion of kerosene oil and electricity as motor fuels is an unreasonable discrimination against the use of gasoline, and violates section 1, article 9, of the constitution of Illinois, requiring all taxes to be uniform as to the class upon which they operate, and the fourteenth amendment to the constitution of the United States, requiring equal protection of the laws.

In *Standard Oil Co* v. *Brodie, supra,* one of the contentions, as in the instant case, was, that the statute, considered as imposing a privilege tax, was arbitrary and unreasonable, in that it discriminated against users of certain kinds of cars while exempting from the burden of taxation users of cars propelled by electricity and steam. This contention was held not sound and the act was sustained.

In *Ozan Lumber Co.* v. *Union County Nat. Bank,* 207 U. S. 251, 52 L. ed. 195, the validity of a statute requiring that a note taken in payment of a patented article show on its face that the consideration therefor was such article

was attacked. The court held the act valid and that it did not create an improper classification, saying: "It is almost impossible in some matters to foresee and provide for every imaginable and exceptional case, and a legislature ought not to be required to do so at the risk of having its legislation declared void although appropriate and proper upon the general subject upon which such legislation is to act, so long as there is no substantial and fair ground to say that the statute makes an unreasonable and unfounded general classification and thereby denies to any person the equal protection of the laws. In a classification for governmental purposes there cannot be an exact exclusion or inclusion of persons and things."

In *Carley & Hamilton* v. *Snook*, 281 U. S. 66, 74 L. ed. 704, the validity of a motor vehicle registration tax law of California which exempted all vehicles weighing less than 3000 pounds although their loaded weight may be much more than vehicles not exempt was sustained. The contention was that the act violated the equal protection clause of the United States constitution. The court, however, held, citing many cases, that the classification was a matter for the legislature and that the court could not assume that there was no reasonable basis for the classification in that case.

In *Gafill* v. *Bracken, supra,* the validity of the gasoline tax of Indiana was sustained, the court, on the question of classification, holding that a classification of subjects of taxation which put automobiles propelled by the use of gasoline in a class by themselves was within the power of the legislature and that its action with respect to such matters is not subject to control by the courts.

In *Melton* v. *City of Paris,* 333 Ill. 190, the validity of a wheel tax ordinance was involved. The ordinance divided all vehicles into fifteen classes, each class carrying a specified rate of tax to be paid, and the contention was that the ordinance was void for the reason, among others assigned, that it discriminated against vehicles in the same

class though of different sizes and capacities. In passing on these contentions this court said: "Even though the municipality, under authority of the statute, may have had the power to make other classifications and distinctions between vehicles of the same class as to carrying and motive power other than those provided by the ordinance, yet the failure so to do did not render the ordinance unreasonable or unconstitutional, provided the classification and the rates charged were reasonable, were authorized by the statute and all persons within the class were treated alike. Before a court will override the judgment of a legislative body it must clearly appear that the judgment of such body is erroneous or that the discretion vested in the municipal authorities has been abused. A court will not hold an ordinance void and unreasonable where there is room for a fair difference of opinion upon the question even though the correctness of the legislative judgment may be doubtful and the court may regard the ordinance as not the best which might be adopted for the purpose.—*Klever Karpet Kleaners* v. *City of Chicago*, 323 Ill. 368; *Hartman* v. *City of Chicago*, 282 id. 511; *City of Chicago* v. *Mandel Bros.* 264 id. 206."

It may be that the legislature considered that the use of highways by motor vehicles using other than gasoline to furnish propelling power was so small, when compared with other uses of such excluded materials for power, as to render a privilege tax on the use thereof on the highways of little or no benefit above the cost of collection and reimbursement, or that as to electricity no method exists for measuring the use of the highways by vehicles so propelled. Whether such are the facts, and whether, if so, they were considered by the legislature, we may not definitely know. The matter of classification is within legislative discretion, subject to review for abuse thereof, and we cannot say that the classification here bears no reasonable relation to the purposes of the act. This contention cannot be sustained.

We now come to the issue concerning the exemption of the city of Chicago, as a municipal corporation, from this tax when the gasoline is used for municipal purposes. It is argued on behalf of the city, first, that this tax is, in fact, a tax on property owned by the municipality; and second, though it be not such a tax but an excise tax, it was not the intention of the legislature to include cities within its provisions, since the property of cities is excluded from taxation by statute, and that any use of such property for municipal purposes is excluded unless specifically included. The first point raised by the city is disposed of by the conclusion of this court to the contrary hereinbefore reached, that the tax in this case is not an *ad valorem* or property tax but an excise tax. In support of the city's second point—*i. e.,* that municipalities are exempt from paying the tax imposed by the Motor Fuel Tax act—counsel have cited Cooley on Taxation and cases of other jurisdictions adopting the rule that because municipalities are parts of the government and it will not be presumed that the government intended to tax branches of itself, municipalities are exempt unless it specifically appears in the act of the legislature that such taxation was intended. Such is not the rule in this State. Statutes exempting property from taxation must be strictly construed. All presumptions are against the intention of the State to bind itself by exempting property from taxation. (*People* v. *Wabash Railway Co.* 138 Ill. 85; *People* v. *City of Chicago,* 124 id. 636; *Catholic Knights* v. *Board of Review,* 198 id. 441; *Bloomington Cemetery Ass'n* v. *People,* 170 id. 377.) This rule applies equally to private persons, private corporations and municipalities. (*Board of Directors* v. *Board of Review,* 248 Ill. 590; *Sanitary District* v. *Martin,* 173 id. 243.) General language imposing a tax applies equally to cities, counties and other municipal corporations, and the property of such municipalities is not exempt unless made so by clear and specific language of the statute. (*People* v. *Richardson,*

*269* Ill. 275; *County of McLean* v. *City of Bloomington,* 106 id. 209; *Cook County* v. *City of Chicago,* 103 id. 646.) The language of this act is specific. Section 6 requires each distributor to collect "from the purchaser" three cents per gallon on "all motor fuel sold." Section 17 specifically delineates the purpose of the act, which is, "to impose a tax upon the privilege of operating each motor vehicle upon the public highways of this State, such tax to be based upon the consumption of motor fuel in such motor vehicle, so far as the same may be done, under the constitution and statutes of the United States, and the constitution of the State of Illinois." The exceptions within the intention of the legislature are by the act designated. Under the rule *expressio unius exclusio alterius* no further exceptions may be read into the act. (*People* v. *Town of Thornton,* 186 Ill. 162; *Dutton* v. *City of Aurora,* 114 id. 138.) Cases from other jurisdictions cited by counsel for the city of Chicago which do not follow this rule as to exemptions are not applicable here, as the rule just stated is well established in this State.

Counsel argue that this statute is limited only to "persons" and does not include cities or municipalities. It is a sufficient answer to say that by the fifth clause of section 1 of the act relating to construction of statutes, (Smith's Stat. 1929, chap. 131, sec. 1,) the word "person" or "persons" may extend and be applied to bodies politic and corporate as well as individuals.

Counsel further argue that the city of Chicago owns the fee in the streets, and the use of gasoline upon those streets for municipal purposes is a use in the discharge of its duties upon its own property, and that this being so, the legislature could not have intended to impose a tax on the operation by the city of motor vehicles upon its own streets. Although the fee of the streets is in the city it holds such fee in trust for the use of the public—not alone the city but of the entire State. Cities are the agencies of the State—

creatures of it—and are under the paramount supervision of the legislature, representing all the people. *County of McLean* v. *City of Bloomington, supra; City of Chicago* v. *Rumsey,* 87 Ill. 348.

We conclude that judgment in this case should be entered for the State in the sum of $69,872.75 and costs, which the demurrer admits is due, if anything, and judgment will be entered and execution issued for that amount.

*Judgment for plaintiff.*