STATE EX REL. RICHARDSON *v.* MACK.

4-3961

Opinion delivered September 30, 1935.

*Roy Richardson* and *Howard Hasting,* for appellant.
*Fred M. Pickens,* for appellee.

McHANEY, J. Appellant brought this action for mandamus against appellee as county judge of Jackson County to compel the appellee to make an order under § 2082, Crawford & Moses' Digest, providing for the working of county convicts upon roads, bridges, and other public improvements of the county. Appellee responded denying that appellant was entitled to the writ because the sections of the statute relied on were not mandatory upon him as county judge, but directory merely; that the matter of working the county convicts on the county roads, etc., is a matter resting within his discretion as county judge and not subject to be controlled by mandamus; that § 28, art. 7, of the Constitution vested in him as county judge exclusive and original jurisdiction in all matters relating to county roads, bridges, etc., and that the Legislature had no authority under the Constitution to invade the prerogative of the county court, and that the petition seeks to violate said section of the Constitution. The court sustained appellee's response and denied the petition.

In so holding we think the learned trial court was correct. Section 2081, Crawford & Moses' Digest, relates to the employment of county convict labor, and provides that, in case the county court or the judge is unable to make a contract with any person in the county for the work of its prisoners, as provided in § 2060, "the court or judge thereof may contract for the work of its prisoners with some person in some other county of the State according to the provisions of this act; and if the county court or judge thereof be unable to make a satisfactory contract with some person of some other county, then the county court or judge thereof may order the prisoners to be worked on the public roads," etc. Section 2082 provides: "In the event that the county court or judge there-

of shall order the prisoners to be worked on the roads,'' etc., as provided in the preceding section, he shall do certain things therein set out, and the last clause in that section reads as follows: ''And in case no contract as provided in §§ 2060 and 2081 is made by the county court or judge thereof prior to the second Monday of January of any year, then the said court or judge thereof must make the order, as provided in § 2081 for working the prisoners on the public roads, bridges, levees and other public improvements of the county.'' It is appellant's contention that, because of the use of the word ''must'' in the sentence last quoted, the county judge thereof is mandatorily bound to do so. This is the only place where the statute appears to attempt to make it imperative for a county court or judge to make the order to work the county prisoners on the roads, etc., of the county, and we are constrained to believe that the Legislature did not so intend it. We are further constrained to this view by the language used in § 28 of art. 7 of the Constitution, which confers exclusive original jurisdiction on county courts in all matters relating to county roads, bridges, ferries, etc., ''and in every other case that may be necessary to the internal improvement and local concerns of the respective counties.'' We do not hold that said § 2082 is in violation of the Constitution because courts do not hold statutes to be unconstitutional where any reasonable construction may be resorted to in order to save the statute from unconstitutionality. *Standard Oil Co. of Louisiana* v. *Brodie*, 153 Ark. 114, 239 S. W. 753; *Bush* v. *Martineau*, 174 Ark. 214, 295 S. W. 9.

Since the language of the statutes under consideration several times left it to the discretion of the county court as to what disposition he would make of the county convicts, we must hold that the language quoted in § 2082 is directory merely and not mandatory. It is true that the quorum court of Jackson County made an appropriation in the sum of $2,000 to pay the expenses of working the county convicts on the roads, etc., but this could not have the effect of taking away the jurisdiction of the county court in such matters. It follows from what

we have said that the judgment must be affirmed. It is so ordered.