(No. 34768.—

FRANK PASCAL, Appellee, *vs.* RICHARD J. LYONS, Director of Revenue, *et al.*, Appellants.

*Opinion filed September 18, 1958—Rehearing denied Nov. 24, 1958.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and THEODORE G. MAHERAS, of counsel,) for appellants.

ADELBERT BROWN, and MICHAEL M. PHILLIPS, both of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiff, an aircraft operator, filed an amended complaint in the superior court of Cook County on behalf of himself and others similarly situated for an injunction against Mid-States Aviation Corporation and George J. Priester, as airport operators and vendors of aircraft gasoline, Shell Oil Company, as distributor of the gasoline, the Director of Finance, as collector of the tax on motor fuel and the State Treasurer, as recipient of the tax. He seeks to enjoin the collection of motor fuel tax on gasoline used in aircraft. The trial court granted a temporary injunction not enjoining the collection of the tax but requiring the Director to pay the tax money to the Treasurer under protest and directing the latter to impound the tax money in a protest fund. The Director and State Treasurer filed a motion to strike plaintiff's amended complaint, to vacate the order granting the temporary injunction, and to quash the writ of injunction. The motion was denied and they elected to stand on their motion. Thereafter, Shell Oil Company filed its answer. Mid-States and Priester did not appear or answer and were defaulted. The cause was then submitted

on the amended complaint, the answer of Shell, and a stipulation of facts entered into between the plaintiff and Shell Oil Company. The final decree permanently enjoined the Director from collecting the tax from Shell, enjoined Mid-States and Priester from collecting the tax from their customers, and enjoined the State Treasurer from paying the money held in the Protest Fund into the General Revenue Fund of the State, other than funds previously released by the court.

The Director and State Treasurer have appealed from the order denying their motion to dismiss the complaint and strike the temporary injunction and also from the final decree ordering the permanent injunction. The case involves revenue and comes directly to this court.

From the record it appears that the plaintiff operates an airplane in Illinois and purchases gasoline therefor at the Sky Harbor Airport operated by Mid-States, at the Palwaukee Airport, operated by Priester, and from other airports in the State. Shell Oil Company distributes and sells the gasoline to the airport operators who in turn sell it to aircraft operators for use as motor fuel to operate their airplanes. Richard J. Lyons, as Director of Revenue, administers and enforces the Motor Fuel Tax Act (Ill. Rev. Stat. 1957, chap. 120, par. 417 *et seq.*) Certain regulations have been adopted by the Director to implement the act. Pursuant thereto, Shell, as a distributor, collects a tax of five cents per gallon on all the gasoline it distributes to the Illinois airport operators, which is passed on to the buyers such as the plaintiff. Shell files monthly reports and pays the money collected to the Director of Revenue. It is then turned over to the State Treasurer who is required by law to place such money in a special fund known as the "Motor Fuel Tax Fund." If the gasoline is used for any purpose other than operating a motor vehicle upon the public highways or is lost, purchasers may obtain a refund by filing a claim on forms provided by the Director.

The sole issue is whether the Director may legally promulgate regulations which require the collection and subsequent refund of the tax on aviation gasoline.

Plaintiff contends that the Motor Fuel Tax Act does not contemplate the collection and subsequent remission of the tax, and asserts that aviation gasoline should be exempted in the first instance. This is grounded on the argument that the purpose of the act is to impose a tax upon the privilege of operating motor vehicles upon the public highways. That it is a tax upon such privilege cannot be disputed. The title of the act so defines it, as do sections 2 and 17 thereof (Ill. Rev. Stat. 1957, chap. 120, pars. 418 and 433), and it was thus construed in the case of *People* v. *Deep Rock Oil Corp.*, 343 Ill. 388, which upheld the constitutionality of the act.

The answer lies in the act, since the Director's authority stems solely therefrom. Section 5 (Ill. Rev. Stat. 1957, chap. 120, par. 421) requires distributors to make monthly returns. The motor fuels on which such returns are required are divided into three types, type A being: "all products commonly or commercially known and sold as gasoline * * * regardless of their classification or uses." Section 6 (par. 422) requires the tax to be collected by distributors on all motor fuel which they are required to report under section 5, except tax-free sales. The latter are defined as sales to other distributors, purchasers out of the State, the Federal Government and certain of its instrumentalities, and municipal corporations operating local transportation systems. Section 13 (par. 429) provides for the Department of Revenue to make refunds to users who have paid the tax on motor fuel but use same for nonhighway purposes.

Plaintiff, in effect, urges us to ignore the plain and specific language used above in favor of the general purpose sections. In so doing he overlooks the recognized rule

that in construing a statute all of its terms and provisions are to be read and considered as a whole to determine not only its intent and meaning, but also the method of accomplishing the object to be attained. *Inter-State Water Co. v. City of Danville,* 379 Ill. 41.

It seems obvious that the statute contemplates a system of collection of the tax on all gasoline, other than the free sales specified, regardless of its subsequent use. Section 5 provides for reporting all sales and section 6 commands the collection of the tax on such sales. Furthermore, by the refund provisions of section 13, the General Assembly recognized that all gasoline sold by distributors would not be used to propel vehicles on the public highways. That section authorizes the Department of Revenue to take verified claims stating facts such as the time of purchase, the specific use to which the gasoline was put, together with such other information as the Department may require or deem necessary. Examples of nonhighway use, in addition to gasoline used in airplanes, are operation of farm machinery, motor boats, construction equipment and drilling rigs. In our view the Director of Revenue has no alternative but to obey the legislative mandate and collect the tax on all gasoline sold, regardless of the use to which it is put.

The plaintiff charges that a regulation which requires collection of a tax that must be refunded, violates the basic rule that statutes must be given a reasonable construction. The rules and regulations by which the Director of Revenue enforces the act, as stipulated in the record, provide for the filing of monthly returns, the collection and payment of a five-cents-per-gallon tax, the deduction of not to exceed two percent as cost of making collections as authorized by statute, and the filing of claims for refund provided by the Department, supported by original invoices. Such regulations generally follow the provisions of the statute. Plaintiff's basic argument is that the act does not require payment

and subsequent refund, and therefore regulations requiring payment and refund go too far. Our construction of the act is to the contrary.

Secondarily, plaintiff's brief criticizes the form of claim for refund provided by the Director as being too involved and cumbersome, although he did not so plead in his complaint. If he is aggrieved by the mechanics of the system for refunds, he may assert his grievances under the review provisions of the act. This is not to say that we agree with his contention, but merely point out that the act provides a different remedy.

The method of collection by the statute appears to be the accepted method. (51 Am. Jur. § 1260-1279; 47 A.L.R. 980; 84 A.L.R. 839; 111 A.L.R. 185.) The consumer has the burden of proving that the use to which he puts gasoline is for a purpose other than motor vehicle operation on the highways. If the legislature had wished to provide a system of granting exemptions in the first instance, it would have so provided. The method chosen appears to make collections more feasible and the legislative intent is plain.

The decree of the superior court of Cook County is reversed and the cause is remanded with directions to dismiss the compaint and dissolve the injunction.

*Reversed and remanded, with directions.*