The Honorable Bill Lefler, DDS, FACP Chairman Arkansas Tobacco Settlement Commission 101 East Capitol Avenue, Suite 460 Little Rock, Arkansas 72201
Dear Commissioner Lefler:
I am writing in response to your request for an opinion on the following:
 I am writing this letter on behalf of the Arkansas Tobacco Settlement Commission (ATSC) to ask for an official opinion regarding Act 1954 of 2005 as it applies to membership of the Arkansas Tobacco Settlement [C]omission. In light of the merger of the Department of Health and the Department of Human Services, our concern is with finding out who will serve on the Commission now that the merger has taken place.
 As you may recall, we were created by initiated Act 1 of 2000, which says that the Director of the Department of Health and the Director of the Department of Human Services will both serve on the Commission. We would appreciate your interpretation of the law in this situation.
I will paraphrase your question as whether Act 1954 of 2005 amended the membership of the ATSC as set forth in Initiated Act 1 of 2000 when the Department of Health was merged into a division of the newly created Department of Health Human Services.
RESPONSE
In my opinion, Act 1954 of 2005, which merged the former Department of Health into the newly created Department of Health Human Services, cannot be deemed to have amended § 17 of Initiated Act 1 of 2000, codified at A.C.A. § 19-12-117 (Supp. 2003), which establishes the Arkansas Tobacco Settlement Commission and details its membership. Therefore, although the ATSC still includes a seat for the "Director of the Department of Health or his designee," there is no such person who may fill that role. Strict compliance with this provision is not possible when the intent and purpose of Initiated Act 1 of 2000 is considered. Accordingly, it is my opinion that to effectuate the intent of the people, the ATSC includes as a member the Director of the newly formed Division of Health within the Department of Health Human Services or his or her designee. Legislative clarification may be warranted.
At issue in your request for an opinion is the interaction between Initiated Act 1 of 2000 and Act 1954 of 2005. In establishing the ATSC, Initiated Act 1 specified nine seats on the commission, including the heads of five departments of the State of Arkansas. In pertinent part, Initiated Act 1 reads:
 (a) There is hereby created and recognized the Arkansas Tobacco Settlement Commission, which shall be composed of the following:
* * *
 (4) The Director of the Department of Human Services or his or her designee;
(5) The Director of the Department of Health or his or her designee[.]
A.C.A. § 19-12-117 (Supp. 2003).
This initiated act was voted on by the people of the state pursuant to the rights reserved by Amendment 7 to the Arkansas Constitution now found in Article 5. In reserving the right of initiative to the people, the amendment specifically states:
 Amendment and Repeal. No measure approved by a vote of the people shall be amended or repealed by the General Assembly . . . except upon a yea or nay vote on roll call of two-thirds of all members elected to each house of the General Assembly. . . .
Ark. Const. Art. 5, § 1.
Act 1954 of 2005 merged the Department of Human Services and the Department of Health to "provide administrative cost savings. . . . by combining overlapping functions and eliminating duplications of functions" and to "improve the health of the citizens of Arkansas in an effective and efficient manner." Act 1954 of 2005, § 1. The Act renames the Department of Human Services as the Department of Health Human Services ("DHHS"). Id. at § 2. The Act transfers the Department of Health into the DHHS and reorganizes it as the "Division of Health" under the DHHS as of the effective date of the Act, August 12, 2005.[1] Id. at §§ 3(a)(1)(A) — (B). Act 1954 also provides that:
 The Arkansas Code Revision Commission shall replace "Department of Health" in the Arkansas Code with "Department of Health and Human Services."
Act 1954 of 2005, § 3(d).
The issue you have presented is whether § 3(d) of Act 1954 of 2005, set out above, can amend A.C.A. § 19-12-117(a)(5), set out earlier, by replacing the reference to the "Department of Health" with a reference to the "Department of Health Human Services," resulting in two ATSC positions for the Director of DHHS or his designee and, if not, who shall fill the position formerly allocated to the Director of the Department of Health. Unlike the former Department of Human Services, that was merely renamed by § 2 of Act 1954, the former Department of Health ceased to exist. In my opinion Act 1954 cannot amend Initiated Act 1 of 2000 because it failed to meet the requirements to amend an Initiated Act under Amendment 7 of the Arkansas Constitution.
Act 1954 of 2005 did not achieve a two-thirds majority of both houses voting for the amendment and therefore cannot amend an initiated act. Ark. Const. Art. 5, § 1; see also Op. Att'y Gen. 2003-021. Act 1954 of 2005 passed the House of Representatives by a vote of fifty-seven (57) yeas, thirty six (36) nays, and seven (7) members not voting. See General Assembly records available at http://www.arkleg.state.ar.us (visited on September 7, 2005). This is short of the sixty-seven yea votes required for a two-thirds majority of the House. Act 1954 passed the Senate by a vote of twenty-one (21) yeas, nine (9) nays, and five (5) members not voting. Id. This is short of the twenty-four (24) that would be required for a two-thirds majority. The General Assembly was therefore unable to alter the will of the people expressed through Initiated Act 1 of 2000, codified at A.C.A. §§ 19-12-101 through — 119, through Act 1954 of 2005.
Simply put, as of August 12, 2005, there was no longer an Arkansas State Department of Health. While Initiated Act 1 of 2000 specifies that the Director of the Department of Health is to be a member of the ATSC, there is no one able to fill that position. It is axiomatic that there cannot be a director of a state agency that does not exist. If the result of this fact, however, is that designation of the Director of the Department of Health simply fails and no one is authorized to serve in that position on the ATSC, that result could also be seen as having the effect of impermissibly amending Initiated Act 1 of 2000. I cannot conclude that this effectuates the legislative intent.
The Arkansas Supreme Court has stated that "in ascertaining the true legislative intent and `in order to conform to the legislative intent, errors in an act may be corrected or words rejected and others substituted.'" State ex rel. Moose v. Trulock, 109 Ark. 556, 160 S.W. 516
(1913); see also Standard Oil Company v. Brodie, 153 Ark. 114,239 S.W. 753 (1922). The Court, in both instances cited with approvalSutherland on Statutory Construction as follows:
 The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the Legislature apparent by statute; and if the words are sufficiently flexible to admit of some other construction, it is to be adopted to effectuate that intention. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the Act.
Standard Oil Co., supra at 119 (quoting 2 Lewis' Sutherland, StatutoryConstruction, § 376).
The Arkansas Supreme Court has also held that, with respect to constitutional provisions, when it is impossible to strictly and literally comply with a constitutional provision, the intent of the amendment should be effectuated. See White, Governor v. Hankins,276 Ark. 562, 565-67, 637 S.W.2d 603 (holding that where it was impossible to comply strictly with the Arkansas Constitution, Amendment 42, requiring that no two of the five members of the Highway Commission be from the same congressional district (the number of congressional districts having been reduced from 6 to 4), the prohibition could not control and two members from the same district could serve).
The intent of Initiated Act 1 of 2000 clearly demonstrates the desire to have a nine-member board of which five are representatives of various interests served by the government with four members from the private sector. If the words "Director of the Department of Health" in Initiated Act 1 are read literally, for the plain and ordinary meaning of the act, in conjunction with Act 1954 of 2005, there will be no person to fill the ninth seat for the Director of the Department of Health. In my opinion, the intent of Initiated Act 1 was to include a person on the ATSC to represent the government's interest in the general health of the State. It is further my opinion that a court would likely effectuate this intent by interpreting Initiated Act 1 to include a seat on the ATSC for the Director of the newly formed Division of Health of the Department of Health and Human Services or his or her designee.
Although the Director of the Division of Health is not, strictly speaking, the same as the Director of the Department of Health, it is my opinion such person could validly serve on the Commission. This is true because the Director of the Division of Health would likely be at least ade facto officer of the ATSC. A de facto officer is one who, even if he or she fails to qualify for the office, is in the possession of the office and exercising the attendant powers by virtue of a fair color of right to the office by either election or appointment. See Op. Att'y Gen. 2004-125. The actions of a de facto officer are valid and effective. See Op. Att'y Gen. 2004-105 (listing Arkansas Courts upholding the actions of de facto officer since 1936). The electorate of the State is clearly a body with the appropriate authority to appoint the Director of the Department of Health to serve on the ATSC through Initiated Act 1. In my opinion, this would create a "fair color of right" to the seat on the commission even though the General Assembly redesignated the Director of the Department of Health as the Director of the Division of Health. Act 1954 of 2005 specifically notes that the act does not "increase the authority or powers of the Director of the Department of Health Human Services or the Division of Health . . . beyond those already conferred upon the . . . Department of Health." Act. 1954 of 2005, § 3(b). This language does not, in its plain and ordinary meaning, appear to strip the authority of the Director of the former Department of Health to sit on the ATSC. In my opinion, a court would likely hold that the Director of the Division of Health holds the ninth commission seat as a de facto if not de jure officer.
While the General Assembly did not meet the two-thirds requirement to amend an initiated act, when coupled with the discussion of effectuating the intent of Initiated Act 1 over the impossible standards of the literal language above, it is my opinion for the reasons set forth above that a court would likely hold that the Director of the Division of Health would properly hold the ninth seat of the ATSC.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JMD:cyh
[1] Act 1954 of 2005 incorrectly specifies that it shall be effective on July 1, 2005. As noted below, the General Assembly failed to attach an emergency clause to Act 1954. The act, therefore, became effective on August 12, 2005. See Op. Att'y Gen. 2005-110.