(No. 33687.—

MILDRED L. ARENDS, City Treasurer, *vs.* POLICE PENSION FUND OF PEORIA *et al.*—(MILDRED L. ARENDS *et al.,* Appellees, *vs.* POLICE PENSION FUND OF PEORIA, Appellant.)

*Opinion filed November 23, 1955*

BARTLEY & BARTLEY, of Peoria, (JOSEPH F. HESSION, and WILLIAM E. PALMER, of counsel,) for appellant.

MILLER, WESTERVELT, JOHNSON & THOMASON, and MAX LIPKIN, both of Peoria, (JOHN D. THOMASON, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case involves a controversy as to the disposition of certain license fees collected by the city of Peoria. The trustees of the Public Health Board of Peoria claim that they are entitled to all of the license fees in question and the Police Pension Fund of Peoria claims that it is entitled to ten per cent of them. The case is here because the trial judge has certified that the validity of municipal ordinances is involved and that the public interest requires a direct appeal.

The difficulty stems from the following statutory provisions: Section 1 of the Police Pension Fund Act provides that the treasurer of a municipality shall set apart for the police pension fund "10% of all revenue collected

from licenses by such city, village or incorporated town * * *." (Ill. Rev. Stat. 1953, chap. 24, par. 892.) The statute applicable to the Public Health Board provides that "All money received for the public health board shall be deposited in the municipal treasury to the credit of the public health board fund and shall not be used for any other purpose." Ill. Rev. Stat. 1953, chap. 24, par. 42-4.

Certain ordinances of the city of Peoria provide that the public health board is to inspect and regulate milk and milk products and food and drink establishments and issue licenses in connection therewith. These ordinances also provide that the license fees collected under them are to be credited by the city treasurer to the public health board fund to be used by the public health board "to defray the cost of enforcement."

The Police Pension Fund demanded that the city treasurer pay ten per cent of the license fees collected under these ordinances into the police pension fund, and the trustees of the Public Health Board demanded that the city treasurer pay all of the license fees into the public health board fund. The city treasurer then commenced this action for a declaratory judgment, naming both of the adverse claimants as defendants.

The circuit court of Peoria County held that although the moneys collected by the city under the ordinances in question are designated as "license fees," that term is a misnomer because they are actually fees or charges for the administration and enforcement of the ordinances and not such "license fees" as are contemplated by the Police Pension Fund Act. So holding, the court entered judgment for the trustees of the Public Health Board, and the Police Pension Fund has appealed.

The Police Pension Fund Act says that "10% of all revenue collected from licenses" shall be set apart for the Police Pension Fund. The ordinances in question provide for "license fees." Because the language of the Police

Pension Fund Act appears to be precisely applicable, we turn to the reasons advanced for disregarding its literal provisions.

It is the position of the appellees that the fees here involved are not properly to be considered as license fees but are rather permit or inspection fees designed to defray the expense of enforcing the regulatory provisions of the ordinances. They also argue that the Police Pension Fund is entitled to receive ten per cent only of those fees which are collected under licenses imposed for "revenue" purposes, and is not entitled to any part of any fees collected under regulatory ordinances like those here involved.

A distinction has been drawn between ordinances enacted under a municipal power to regulate where there is no power to tax, and those enacted pursuant to an express power to tax. As to the regulatory license it is settled that the amount of the fee must bear "some reasonable relation" to the cost of regulation. No such limitation exists with respect to licenses imposed under the power to tax. (*Bauer* v. *City of Chicago,* 321 Ill. 259; *Condon* v. *City of Forest Park,* 278 Ill. 218.) This distinction, however, has to do with the permissible amount of license fees, and not with the disposition to be made of the fees when collected.

Many of the statutes dealing with pensions for municipal employees provide that the pension funds shall be augmented by revenues from municipal licenses. An examination of these statutes makes it clear, we think, that the General Assembly, in using the terms "license" and "revenue," has not had in mind the refinements suggested by the appellees. For example, the statute governing policemen's pensions in cities over 200,000 population authorizes the levy of a tax and provides that if the city does not levy the authorized tax "then there shall be set apart annually from the revenues collected or received by such city from licenses issued by such city authorizing persons and corporations to engage in any business, profession or occupa-

tion within the corporate limits * * *" a specified sum. (Ill. Rev. Stat. 1953, chap. 24, par. 913.) The statute governing the firemen's fund in cities with a population between 5000 and 200,000 provides that there shall be paid into the fund "one percentum of all revenues, collected by such cities, * * * authorizing persons or corporations to engage in any business, occupation or profession, * * *." (Ill. Rev. Stat. 1953, chap. 24, par. 918.) Prior to its repeal, the Municipal Employees' Pension Act of 1911 provided that specified amounts be set apart for the pension fund "from the revenue collected or received by such cities, villages and towns from licenses issued by such cities, villages and towns authorizing persons and corporations to engage in any business, profession or occupation within the corporate limits * * *." S. H. Ill. Ann. Stat., chap. 24, par. 1033.

Each of these statutes refers unmistakably to license fees collected under regulatory ordinances. We think it clear from these illustrations that in this type of legislation the General Assembly has used the word "revenue" to include all sums collected by way of license fees, and has used the word "license" to include all licenses whether imposed for revenue purposes or for regulatory purposes. We see no reason to assume that they used these terms in any different sense in the Police Pension Fund Act which is before us.

So it appears that the ordinances, insofar as they direct that the license fees collected under them be credited by the city treasurer to the public health board fund, run counter to the clearly expressed command of the Police Pension Fund statute. If the city is authorized to disregard that statute, the authority must be found in the statute governing the Public Health Board. While that act refers to "money received for the public health board," it makes no reference to licenses or license fees. The power to issue licenses under it is derived by inference from the power

to regulate which it grants. (*Larson* v. *City of Rockford*, 371 Ill. 441, 444.) It authorizes the levy of a tax for the Public Health Board, (Ill. Rev. Stat. 1953, chap. 24, par. 42-1,) and it is certainly arguable that the quoted reference is to the funds collected under that tax. But even if a contrary direction with respect to the disposition of municipal license fees could be spelled out of the general language of the Public Health Board statute, it would not follow that that statute should control, for a repeal by implication will not be found unless the repugnance between the two statutes is clear. (*City of Chicago* v. *Willett Co.* 1 Ill. 2d 311.) We find no clear repugnance between the statutes now before us. Cf. *Galpin* v. *City of Chicago*, 249 Ill. 554.

The Police Pension Fund also urges that the judgment of the circuit court was erroneous in failing to rule upon its claim to ten per cent of all fines collected on account of violations of city ordinances. In this respect, however, the judgment was proper, for the original complaint made no issue with respect to the disposition of fines and no counterclaim was filed. From the brief of the appellees it appears, moreover, that no dispute exists with respect to this matter.

We hold that the Police Pension Fund is entitled to ten per cent of the license fees in question, and that the ordinances are invalid to the extent that they provide otherwise. It follows that the judgment of the circuit court must be reversed. Judgment is entered here for the Police Pension Fund in accordance with the views expressed in this opinion.

*Reversed, with judgment here.*