(No. 35950.—

DOMINICK LALUMIO *et al.,* Appellants, *vs.* ANDREW FASSEAS, Director of Revenue, *et al.,* Appellees.

*Opinion filed Dec. 1, 1960.—Rehearing denied Jan. 18, 1961.*

STICKGOLD and MULLIN, of Chicago, for appellants.

WILLIAM L. GUILD, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and SAMUEL J. DOY, Assistant Attorneys General, of counsel,) for appellees.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiffs each of whom is engaged in the retail liquor business, brought this action to restrain the defendant State officers from collecting the $50 annual license fee imposed upon retailers of alcoholic liquor by the Liquor Control Act. (Ill. Rev. Stat. 1959, chap. 43, par. 118.) The circuit court sustained the defendants' motion to dismiss and the plaintiffs have appealed directly to this court because the case relates to the revenue. Ill. Rev. Stat. 1959, chap. 110, par. 75(1)(b).

The complaint alleges that the plaintiffs are subject not only to the licensing provisions of the Liquor Control Act, but also to the Retailers' Occupation Tax Act which imposes a tax "upon persons engaged in the business of selling tangible personal property at retail." (Ill. Rev. Stat. 1959,

chap. 120, par. 441.) It alleges that during the years 1948 to 1958, the Liquor Control Commission collected over $12,000,000 in license fees from the plaintiffs and other retail liquor dealers, and that during the same period, the total amounts spent by the Commission "for all purposes, including regulation," amounted to less than $4,000,000. It asserts that "to the extent that collections exceed the cost of regulation and administration, the license imposed upon retailers of alcoholic liquors is a revenue producing measure" which "imposes a tax on retailers of alcoholic liquors not imposed on any other retailers in the class taxed by the Retailers' Occupation Tax Act and is, hence, not uniform on the class upon which it operates" and therefore violates article IX, section 1, of the Illinois constitution.

The plaintiffs attack the statute upon a very narrow ground. They concede that "liquor license fees, all other things being equal, may be levied against them in an amount disproportionate to the cost of regulation." Their argument is that when the General Assembly imposed the retailers' occupation tax upon "persons engaged in the business of selling tangible personal property at retail" it established a taxable class upon which it can not encroach by other taxing measures without violating the uniformity provision of the constitution.

In disposing of the case we find it unnecessary to explore the soundness of this contention. So too, we find it unnecessary to analyze critically the plaintiffs' accounting technique, which measures the State's total expenditures in regulating retail liquor establishments by the amounts appropriated to and spent by the Liquor Control Commission. (See *Lamere* v. *City of Chicago*, 391 Ill. 552, 560; *Ward Baking Co.* v. *City of Chicago*, 340 Ill. 212, 214; *Merrelli* v. *City of St. Clair Shores*, 355 Mich. 575, 96 N.W.2d 144, 150; *Ewell* v. *Board of Supervisors*, 234 La. 419, 100 S.2d 221, 225.) For the plaintiffs' case rests upon the assumption that the Liquor Control Act is a revenue measure, and

so subject to the uniformity clause of section 1 of article IX of the constitution, and that assumption is unsound.

The Liquor Control Act is a regulatory measure enacted under the police power, designed to control, regulate and restrict the sale of alcoholic liquors. (*Bardon* v. *Nudelman,* 369 Ill. 214, 216.) The plaintiffs do not dispute this, but they contend, nevertheless, that because the State derives revenue from the act, it must be treated as a taxing measure. It is true, as a general proposition, that a regulatory license fee must bear "some reasonable relation" to the expenses involved in the supervision and inspection of the licensed business. (*Arends* v. *Police Pension Fund,* 7 Ill.2d 250, 253; *City of Chicago Heights* v. *Public Service Co. of Northern Illinois,* 408 Ill. 604, 608.) But this general proposition "does not apply where the license charge is imposed on those occupations which, while they are tolerated, are recognized as being hurtful to public morals, productive of disorder, or injurious to the public, such as the liquor traffic. * * * There seems to be no reported case holding to the contrary." (*Sager* v. *City of Silvis,* 402 Ill. 262, 268.) Many cases to the same effect are collected in the annotation in 103 A.L.R. 327. In the case of occupations of this kind, the amount of the license fee may itself have a permissible regulatory effect. "The higher the license, it is sometimes said, the better the regulation, as the effect of a high license is to keep out from the business those who are undesirable and to keep within reasonable limits the number of those who may engage in it." *Phillips* v. *City of Mobile,* 208 U.S. 472, 479, 52 L.ed. 578.

The order of the circuit court of Cook County is affirmed.

*Order affirmed.*