(No. 47736.—)

TELCO LEASING, INC., Appellant, v. ROBERT H. ALLPHIN, Director of the Department of Revenue, *et al.*, Appellees.

*Opinion filed May 14, 1976.*

Altheimer & Gray, of Chicago (Howard L. Kastel, Ronald J. Sklar, and Martin J. Freed, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellees.

MR. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County granting the defendants' motion for summary judgment.

The plaintiff is a corporation engaged in the business of leasing medical and scientific equipment and computers to hospitals, universities, laboratories and other institutions which provide health care services and research. Pursuant to lease agreements with certain nonprofit institutions, the plaintiff leased to those institutions equipment having a total cost of $1,943,535. The defendant Director of Revenue for the State of Illinois thereupon assessed use taxes in the amount of $77,741 against the plaintiff for the use of the leased equipment. The plaintiff subsequently paid under protest the assessed use taxes and an additional sum for penalty and interest.

The plaintiff filed a complaint for declaratory and injunctive relief alleging that the use taxes were improperly assessed. The complaint sought a declaration that the Illinois Use Tax Act is unconstitutional as applied to the plaintiff. The complaint also requested that the court grant an injunction restraining the defendants, the Director of Revenue, the Treasurer, and the Attorney General of the State of Illinois, from levying, imposing or collecting a use tax on the property leased by the plaintiff to nonprofit institutions. The complaint further requested an order restraining the Director of Revenue and Treasurer of the State of Illinois from transferring the sums paid by the

plaintiff from the protest fund to the general revenue fund of the State of Illinois.

While this litigation was pending in the circuit court, the plaintiff was twice more assessed use taxes by the Director of Revenue for use of property leased to nonprofit institutions. The plaintiff also paid those taxes under protest. The circuit court granted temporary injunctions restraining the Director of Revenue from transferring the taxes to the State Treasurer for deposit in the general revenue fund.

Both parties filed motions for summary judgment, each alleging the absence of any genuine issue of material fact. The trial court granted the defendants' motion and ordered that the cause be dismissed with prejudice. We have granted the plaintiff's petition to appeal directly to this court.

The plaintiff contends that it should be exempt from the use tax assessed by the Director of Revenue because the property in question is leased to nonprofit, charitable institutions. Section 3 of the Use Tax Act, pursuant to which the Director of Revenue assessed taxes against the plaintiff, provides in pertinent part:

> "A tax is imposed upon the privilege of using in this State tangible personal property purchased at retail from a retailer. Such tax is at the rate of 4¼% of the selling price of such property if purchased prior to October 1, 1969, and at the rate of 4% of the selling price of such property if purchased after September 30, 1969. ***
>
> &ast; &ast; &ast;
>
> The tax herein imposed does not apply to any governmental body, or to any corporation, society, association, foundation or institution organized and operated exclusively for charitable, religious or educational purposes, when using tangible personal property purchased at retail." (Ill. Rev. Stat. 1973, ch. 120, par. 439.3.)

Section 2 of the Use Tax Act defines the "use" of tangible personal property as follows:

" 'Use' means the exercise by any person of any right or power over tangible personal property incident to the ownership of that property ***." (Ill. Rev. Stat. 1973, ch. 120, par. 439.2.)

Rule 3 of the use tax rules and regulations of the Department of Revenue of the State of Illinois, a rule promulgated to govern application of the Use Tax Act to leased property, states in pertinent part:

"The use tax does not apply to the rental payments made by a lessee to a lessor. However, except as is noted in the next paragraph, the lessor is legally the user of the property and is taxable on the purchase price thereof."

The plaintiff argues that the charitable institutions to which it leases the equipment should be deemed the "users" of the property. The plaintiff asserts that several factors lead to that conclusion. It is argued that the plaintiff does not manufacture the equipment in question and purchases the equipment only after a charitable institution places an order for such equipment with the plaintiff. Property thus purchased is delivered directly from the manufacturer to the charitable institution, so that the plaintiff never actually takes physical possession of the equipment. The lease agreements between the plaintiff and its lessees grant the lessees options to purchase the leased equipment, and further provide that each lessee shall bear the obligation of all taxes imposed as an incident to the purchase, ownership, possession or use of the equipment. As a result, the plaintiff argues that, even though it is the legal owner of the property in question, the charitable institutions are the true "users" of the property.

We find the plaintiff's argument to be without merit. An analysis of the statutory definition of "use" leads us to the conclusion that the owner and lessor of property is the "user" of the property within the meaning of the Use Tax Act. As previously stated, section 2 of the Use Tax Act defines "use" as the exercise of some right or power over property "incident to the ownership of that property." It

follows that only the owner of property can be a user within the meaning of the Act. In *International Business Machines Corp. v. Department of Revenue,* 25 Ill.2d 503, this court observed that the use tax is not applicable to the use of property by a *bona fide* lessee. In so doing, we referred to the statutory definition of "use" and stated:

> "A mere lessee does not exercise over the property any rights or powers incident to the ownership of the property. Thus, in the absence of a change in the statutory definition of 'use,' the lessee does not use the property in the statutory sense and is not subject to use tax." (25 Ill.2d 503, 510-11.)

By way of contrast, a lessor retains legal title, and thus remains the owner of the leased property. The right or power exercised by the plaintiff incident to its ownership of the property in question is the right or power to lease the property in an attempt to make a profit. See *Philco Corp. v. Department of Revenue,* 40 Ill.2d 312, where we held that a lessor of personal property "uses" that property within the meaning of the Use Tax Act, so as to incur liability for payment of use tax.

Our decision that the plaintiff is the user of the property in question is also supported by certain rules of construction which govern taxation cases. It is well established that a statute which exempts property from taxation should be strictly construed in favor of taxation and that a party claiming an exemption has the burden to prove clearly and conclusively that he is entitled to the exemption. (*People ex rel. County Collector v. Hopedale Medical Foundation,* 46 Ill.2d 450.) In determining whether an exemption is applicable, every presumption is against the intention of the State to exempt property from taxation. *Reeser v. Koons,* 34 Ill.2d 29.

The plaintiff's argument that the legislative intent underlying the charitable exemption to the Use Tax Act mandates a judgment in its favor is not persuasive. The

plaintiff contends that the legislative intent in enacting the charitable exemption to the Use Tax Act was to prevent the burden of the use tax from being shifted to tax-exempt charities. The plaintiff further declares that any use tax paid by the plaintiff will be directly and immediately passed on to its charitable lessees. It is true that the General Assembly intended to exempt charitable institutions from payment of the use tax in situations where the charitable institutions could be considered "users" of the property within the meaning of the Act. Nevertheless, in the instant case, the plaintiff, a corporation in business to make a profit, was the "user" of the property in question. We see no strong evidence that the legislative intent was to exempt corporations such as the plaintiff from payment of the use tax, merely because the burden of that tax might be passed on to charitable institutions. Accordingly, we hold that the plaintiff is the "user" of the property in question and that the plaintiff is not exempt from payment of use tax on that property.

The plaintiff also contends that the imposition of use tax in this case constitutes a denial of equal protection of the law by creating an improper tax classification. In a related argument, the plaintiff maintains that imposition of the tax is also violative of article IX, section 2, of the 1970 Illinois Constitution, which provides:

> "In any law classifying the subjects or objects of non-property taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly. Exemptions, deductions, credits, refunds and other allowances shall be reasonable."

The plaintiff argues that it, as a lessor of tangible personal property to charitable institutions, is unreasonably placed in a class for taxation purposes apart from those who sell tangible personal property to charitable institutions. When a sale of personal property is consummated in Illinois, the relevant statute is the Retailers' Occupation Tax Act, which imposes a tax upon retailers who sell tangible

personal property at retail in Illinois. (Ill. Rev. Stat. 1973, ch. 120, par. 440 *et seq.*) Section 2 of the Act allows the retailer to exclude from his gross receipts the proceeds of sales of tangible personal property to charitable institutions. (Ill. Rev. Stat. 1973, ch. 120, par. 441.) If the plaintiff had sold the property to the charitable institutions, therefore, it would have been exempt from the retailers' occupation ·tax. Since the plaintiff used the property by leasing it, however, use taxes were assessed. The plaintiff maintains that a classification scheme which differentiates between those who sell tangible personal property to charitable institutions and those who lease such property to charitable institutions is unreasonable, since there is no meaningful distinction between a sale of property and the type of lease arrangement employed by the plaintiff.

The General Assembly has broad power to make tax classifications. (*Klein v. Hulman,* 34 Ill.2d 343.) Such classifications can withstand constitutional attack so long as the classifications are reasonable, and they must be upheld if any state of facts reasonably can be conceived that would sustain them. (*Titus v. Texas Co.,* 55 Ill.2d 437.) We find that the classification to which the plaintiff objects is reasonable. We cannot accept the plaintiff's argument that "the mere retention of title by a lessor does not justify a differential tax treatment." There clearly is a distinction between the sale of personal property to a charitable institution and the lease of personal property to such an institution. The most evident distinction is that title passes to the charitable institution in the case of a sale but does not pass in the case of a lease. The plaintiff asserts that this distinction is not relevant because it bears no relation to the object of the legislation. We disagree. When tangible personal property is sold to a charitable institution, it becomes property which is put exclusively to a charitable purpose. After a lease of personal property is consummated, however, the property is still owned by the

lessor and is still being "used" by the lessor in his endeavors to make a profit. We do not find it unreasonable that the legislature has chosen to exempt from taxation that property which is used exclusively for charitable purposes but has not seen fit to exempt property which is merely leased to a charitable institution and which is still being "used" by the lessor. We therefore reject the plaintiff's contention that the imposition of the use tax in this case constituted a violation of equal protection or a violation of article IX, section 2, of the 1970 Illinois Constitution.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed. The temporary injunctions restraining the Director of Revenue from transferring the taxes paid by the plaintiff under protest to the State Treasurer for deposit in the general revenue fund are dissolved.

*Judgment affirmed.*