BOARD OF EDUCATION OF COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 15, McHENRY AND LAKE COUNTIES, Plaintiff-Appellant, *v.* THE CITY OF McHENRY *et al.*, Defendants-Appellees.

Second District   No. 78-402

Opinion filed May 18, 1979.

Robbins, Schwartz, Nicholas & Lifton, of Chicago, for appellant.

Bernard V. Narusis, of Narusis & Narusis, of Cary, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Whether the school district is required to purchase vehicle stickers for its buses in a city where the board of education of the district has its administrative center and principal place of business, is the question before us.

The Board of Education of Community Consolidated School District No. 15, McHenry and Lake Counties (Board), sought a declaratory judgment against the City of McHenry and its mayor (City) questioning the imposition of a $10 individual vehicle license tax upon its 26 buses which were being used exclusively for the transportation of pupils; and also asked that an injunction issue against the collection of the tax. The City moved to dismiss the complaint as substantially insufficient in law. The circuit court granted the motion to dismiss and the Board appeals.

The Board argues essentially that the City does not have the authority under section 8—11—4 of the Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 8—11—4) to levy a license fee on school district property. It also argues that municipalities have been preempted by the State from levying a license fee on public school buses; and that in any event section 19.1 of the Revenue Act exempts school districts from taxation by other local governmental units. (Ill. Rev. Stat. 1977, ch. 120, par. 500.1.) While the City has responded that the Board's complaint was grounded solely on the theory of exemption and that the other theories urged have therefore been waived we find no waiver from our review of the record and therefore consider all issues raised.

Section 8—11—4 of the Municipal Code generally provides that cities with a population of 500,000 or less may impose a city license fee on residents of the city who own motor vehicles, not to exceed $15 based on 35 horsepower or less or $30 based on more than 35 horsepower.

The Board contends that we must import into our reading of section 8—11—4 of the Municipal Code a general common law rule that one State agency cannot be directly taxed by another absent a specific provision authorizing the taxing of the other State agency. We find no such rule, however, which would apply to excise and privilege taxes. The Board cites our opinion in *Commonwealth Edison Co. v. Community Unit School District No. 200,* 44 Ill. App. 3d 665, 670 (1976), for the proposition that State agencies such as school districts are immune from all manner of taxation by municipalities, but the opinion may not be read so broadly. *Commonwealth Edison* involved a municipal tax on the charges of a privately owned public utility which the State agency claimed was a direct tax on State funds because it was passed on in higher utility rates. The reference to the general proposition of nontaxability reflected the usual rule that agencies of the State such as school districts need not pay real or personal property taxes and usually need not pay taxes on their income. The case did not in any way reach the narrow issue of whether school districts can avoid paying a tax in the form of a purchase of a motor vehicle sticker for the purpose of operating their motor vehicles in the community.

■■ In fact, it is a well-established concept in Illinois that all property is subject to taxation unless specifically exempted. (See, *e.g., Telco Leasing, Inc. v. Allphin,* 63 Ill. 2d 305, 310 (1976); *North Shore Post No. 21 v. Korzen,* 38 Ill. 2d 231, 233 (1967).) And this includes the property of cities, counties and other municipal corporations. (*People v. Deep Rock Oil Corp.,* 343 Ill. 388, 400 (1931).) For this reason a number of cases cited by the Board from jurisdictions which proceed upon a different constitutional and statutory concept, as noted in *Deep Rock,* are not persuasive in Illinois. See 343 Ill. 388, 400-01.

■■■ We therefore conclude that the general language of section 8—11—4 of the Municipal Code provides authority for the assessment and collection of vehicle license fees against the Board and that if nontaxability is to be found it must be on other grounds such as preemption or exemption. Parenthetically we disagree with the City's argument that any attempt by the legislature to exempt school districts from the requirement of purchasing city vehicle stickers or imposing any other nonproperty tax would offend article IX, section 6 of the Illinois Constitution. While the general language of that section states that exemption can be given "only the property of the State, units of local government and school districts, * * *" the section must be read in connection with section 2 of article IX, which provides the power to uniformly impose "non-property taxes or fees" and to allow "[e]xemptions, deductions, credits, refunds and other allowances" which shall be reasonable. Ill. Const., art. IX, §2.

■■■ It does not appear, however, that the legislature has at any time sought to exempt school districts from the requirement of purchasing city vehicle stickers for school buses owned by the district and used by it in the municipality for school purposes.[1] The only statute that appears to exempt school districts from taxation is section 19.1 of the Revenue Act of 1939, as amended (Ill. Rev. Stat. 1977, ch. 120, par. 500.1). The statute broadly exempts all real and personal property owned by schools and used exclusively for school purposes from taxation; and also exempts all "moneys, or other property * * * received or used for * * * educational purposes and the proceeds thereof" from taxation. We find nothing in the language of section 19.1 which appears to exempt schools from being required to pay license and excise taxes. "A statute relieving against taxes on property will not be construed to cover excise or franchise taxes; for it is elementary that exemptions from taxation must be strictly construed." (*Mayor & City Council v. Williams*, 61 F.2d 374, 378 (4th Cir. 1932).) The Board's argument that school buses are district "property" must be rejected since it is well settled that a vehicle license fee is not a property tax but a tax on the privilege of using the public streets. *City of Lincoln v. Gerard*, 329 Ill. 501, 503 (1928). See also *People v. Deep Rock Oil Corp.*, 343 Ill. 388, 394 (1931).

■■ Nor do we find that the collection by the municipality of the vehicle tax has been preempted by the State. The Board argues that the tax amounts to an attempt by the city to regulate the activity of providing bus transportation for primary and secondary school students, the regulation of which has been preempted by the State. If we were here dealing with a regulatory ordinance of the city, this would be a good argument. (See

---

[1] As we have previously noted the State could have done so and the Board's argument in this regard should probably be addressed to legislative action.

*Chicago School Transit, Inc. v. City of Chicago*, 35 Ill. 2d 82, 86 (1966). See also *Metropolitan Sanitary District v. City of Des Plaines*, 63 Ill. 2d 256, 261 (1976); *Board of Education v. City of Peoria*, 48 Ill. App. 3d 1051, 1054-55 (1977).) A license fee can be purely in the nature of a regulatory measure or purely in the nature of a taxing measure or some combination of each. "The power to regulate and the power to tax are distinct powers, but each may be exercised by the imposition of a license fee." (*Rozner v. Korshak*, 55 Ill. 2d 430, 432-33 (1973). See also *Arends v. Police Pension Fund*, 7 Ill. 2d 250, 253 (1955).) But it clearly appears that the license fee in question is not at all a regulatory measure; it was not enacted in the exercise of the City's "police power." Rather, it appears to be a purely revenue-raising measure and makes no attempt to regulate the business of school bus driving. As noted in *City of Chicago v. Willett Co.*, 1 Ill. 2d 311, 319 (1953), "[W]e are, therefore, reluctant to say, from implication only, that when the legislature sought to regulate [school bus driving] in the State, it thereby intended to take away the city's power to license and tax the [activity] * * * within its limits."

The judgment of the trial court is affirmed.

*Affirmed.*

GUILD, P. J., and RECHENMACHER, J., concur.