THE MARSHALL COUNTY AIRPORT BOARD, Plaintiff-Appellee, v. THE
DEPARTMENT OF REVENUE, Defendant-Appellant.

Third District   No. 3—87—0051

Opinion filed October 5, 1987.—Modified opinion filed December 3, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones
Stewart, Solicitor General, and Ann Plunkett Sheldon, Assistant Attorney
General, of Chicago, of counsel), for appellant.

Kevin R. Galley, of Pace, McCuskey & Galley, of Lacon, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, the Department of Revenue of the State of Illinois (Department), appeals from that portion of the judgment of the circuit court of Marshall County which granted plaintiff, the Marshall County Airport Board (Board), property tax exemptions for the year 1982 on 75 acres of leased farmland and leased "tiedown areas." The Board is an entity of the Marshall County government and operates the Marshall County Airport.

The airport generally is open for public use but certain facilities and acreage are leased to private parties for profit. Among these uses are leased airplane tiedown areas and hangar space, 75 acres of farmland leased in 1982 on a cash rent basis, and two airport service leases. After a formal hearing in May 1984, the Department ruled that the airport land was generally exempt from taxation for the 1982 tax year. However, the Department also ruled that the areas subject to the service leases, the hangar and tiedown leases, and the farmland leases were not used exclusively for public purposes and, therefore, were not exempt from taxation under Illinois law. See Ill. Rev. Stat. 1985, ch. 120, par. 500.9.

The Board filed a complaint for administrative review. The trial court ruled that there was sufficient evidence in the administrative record to support the decision of the Department that the areas subject to the service leases and the hangar leases were properly subject to taxation. However, the trial court also ruled that the determination that the areas subject to the tiedown and farmland leases were leased for profit and were not used exclusively for public purposes was contrary to the manifest weight of the evidence. The Department appeals from that portion of the trial court's judgment.

■ ■ All property, including that of cities, counties, and other municipal corporations, is subject to taxation unless specifically exempted. (*Board of Education of Community Consolidated School District No. 15, McHenry & Lake Counties v. City of McHenry* (1979), 71 Ill. App. 3d 904, 390 N.E.2d 551.) Further, every presumption is against the intention of the State to exempt property from taxation and, therefore, the burden of sustaining a right to an exemption rests with the party seeking it. (*Reeser v. Koons* (1966), 34 Ill. 2d 29, 213 N.E.2d 561.) In determining whether property is included within the scope of a tax exemption, all facts are to be construed and all debatable questions resolved in favor of taxation. (*Follett's Illinois Book & Supply Store, Inc. v. Isaacs* (1963), 27 Ill. 2d 600, 190 N.E.2d 324.) The sole question here is whether the trial court's determination as to the 75 acres of farmland and the tiedown areas being exempt from

taxation is contrary to the manifest weight of the evidence.

■ The Board argued that because the revenue derived from the use of the farmland was used to defray airport costs, the land was used for public purposes and was entitled to be exempt from taxation. The question regarding the farmland was adequately addressed by the Illinois Supreme Court in *City of Lawrenceville v. Maxwell* (1955), 6 Ill. 2d 42, 126 N.E.2d 671. In *City of Lawrenceville*, the court noted:

> "The primary use to which property is put is the test whether it is exempt from taxation. [Citations.] Property is not exempt from taxation merely because the income from it is used for an exempt purpose where the property itself is not so employed. [Citations.] The use to which the property is devoted rather than the use to which income derived from the property is employed is decisive." (6 Ill. 2d at 48, 126 N.E.2d at 675.)

It is clear that the farmland in this case falls squarely within the situation addressed in *City of Lawrenceville*. Consequently, we hold that the trial court's determination about the farmland was contrary to the manifest weight of the evidence.

■ The next issue involves the tiedown areas. Initially, we fail to note any distinction, factually, between the areas subject to the hangar leases and the areas subject to the tiedown leases for taxation purposes. Further, there is no evidence in the record that would lead us to believe they should be treated any differently. To resolve this question, the Illinois Supreme Court has supplied the necessary authority in *People ex rel. Lawless v. City of Quincy* (1946), 395 Ill. 190, 69 N.E.2d 892. The court noted that there is a difference between land owned by a municipal corporation and used for public purposes and that owned by the municipal corporation and leased to individuals. The court, quoting *Sanitary District of Chicago v. Hanberg* (1907), 226 Ill. 480, 484, 80 N.E. 1012, 1013, stated that " 'the [municipal corporation] has leased part of its land to private individuals, and such lands, not being used for public purposes, are subject to taxation.' " (*Lawless*, 395 Ill. at 198, 69 N.E.2d at 896.) This, again, is identical to the situation in this case and the trial court's determination was against the manifest weight of the evidence.

The Board, in its brief, attempts to distinguish the cases of *Lawrenceville* and *Lawless* on the basis that, in those two cases, the airports were owned by cities but were located outside the city limits, whereas in this case it is a county airport located on county property. We find this to be a distinction without a difference. Initially, we note that the cases interpreting the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 482.1 *et seq.*) have held that the term "municipal

corporation" includes counties in the sections relating to taxation and exemption. (See, *e.g.*, *In re Application of County Collector* (1977), 48 Ill. App. 3d 572, 362 N.E.2d 1335.) Second, the cases were not so much concerned with the location in relation to the ownership of the property, but rather the use of the property and whether it was public or private. Therefore, we find this argument to be without merit.

For the foregoing reasons, the judgment of the circuit court of Marshall County is reversed and the decision of the Department of Revenue is affirmed.

Reversed.

SCOTT and WOMBACHER, JJ., concur.