FOX VALLEY AIRPORT AUTHORITY, Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Second District   No. 2—87—0183

Opinion filed December 31, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Shawn W. Denney, Solicitors General, and Ann Plunkett-Sheldon, Assistant Attorney General, of Chicago, of counsel), for appellant.

Bruce L. Carmen and James W. Keeling, both of Thomas & Hinshaw, Culbertson, of Rockford, for appellee.

JUSTICE NASH delivered the opinion of the court:

Defendant, the Illinois Department of Revenue, appeals from an order of the circuit court which, on administrative review, reversed the decision of the Director of the Illinois Department of Revenue (Director) denying tax exemptions for eight parcels of real estate owned by plaintiff, Fox Valley Airport Authority. The Department contends that as the properties are not being used exclusively for airport authority purposes they are subject to taxation.

Plaintiff is a municipal corporation formed pursuant to "An Act in relation to airport authorities" (Ill. Rev. Stat. 1985, ch. 15½, pars. 68.2 through 68.2f) (Municipal Airport Authorities Act) to acquire, own and operate the Du Page Airport as a public airport. Plaintiff sought exemption for the 1984 tax year for eight parcels of real estate, six of which had been assessed for improvements owned by plaintiff, and the other two parcels had been assessed for the land. The Du Page County Board of Review (Board) recommended tax exemption for six of the eight parcels, finding that the other two were

not being used for airport authority purposes and exemption should be denied. Although the Board recommended tax exemption for the six parcels, it found that the leasehold interests held by private parties should be assessed. The Director of the Department of Revenue denied tax exemption for six of the parcels but allowed exemption for 26% of one parcel and one-third of a second parcel on the basis that the balance of these two properties was leased to private individuals for residential and farming purposes, and to private commercial enterprises for aircraft storage and maintenance, and were thus not used for airport authority purposes.

The properties at issue are identified in the record by docket numbers: numbers 84—22—79 and 84—22—80 contained airport hangars which plaintiff rented to private parties on a monthly basis; number 84—22—43 was a strip of land leased to private parties on a yearly basis for outdoor storage of aircraft; number 84—22—81 was under a long-term land lease under which the privately owned improvement was taxed to the lessee, who was restricted to using it for the indoor storage of aircraft, and the tax exemption sought was for the land only; number 84—22—82 was a hangar leased for one year to William Ross Enterprises, Incorporated, for storage, maintenance, and service of aircraft; number 84—22—327 contained a three-bay hangar for which the Director allowed an exemption for one-third of the land, as plaintiff used one of the bays to store its field maintenance equipment, and the remaining bays were leased to Joliet Avionics, Inc., for private aircraft related uses for which exemption was denied.

The parties entered into a stipulation which provided that parcel 84—22—138 was land improved by a residence which was leased to a private party during 1984, and that parcel 84—22—139 was improved with a farmhouse and three outbuildings: one outbuilding was vacant, the farmhouse was leased to an employee of plaintiff for "security purposes," and plaintiff used the other two buildings for storage. Only the improvements were assessed for taxes, and because plaintiff had used certain buildings on parcel 84—22—139 for its airport purposes, the Director allowed exemption for 26% of that property.

On administrative review the circuit court reversed the Director's decision and ordered that exemptions be allowed for all eight parcels, finding that they were being used for airport authority purposes. The Department appeals.

When the facts upon which a determination of tax exempt status rests are undisputed, as in this case, whether property is exempt is a question of law (*Weslin Properties, Inc. v. Department of Revenue* (1987), 157 Ill. App. 3d 580, 583, 510 N.E.2d 564) and

whether the subject property is entitled to exemption depends solely upon an application of the appropriate legal standard to the undisputed facts. (*Illinois Central Gulf R.R. Co. v. Department of Local Government Affairs* (1983), 95 Ill. 2d 111, 129, 447 N.E.2d 315.) In determining whether an exemption is applicable, every presumption is against the intention of the State to exempt property from taxation. (*Telco Leasing, Inc. v. Allphin* (1976), 63 Ill. 2d 305, 310, 347 N.E.2d 729.) Tax exemption issues are strictly construed in favor of taxation, and a person seeking the protection of the exemption has the burden of clearly proving that he is entitled to it. *Thermos v. Department of Revenue* (1976), 37 Ill. App. 3d 410, 414, 346 N.E.2d 47.

Section 19.20 of the Revenue Act of 1939 allows an exemption for "[a]ll property of every kind belonging to any Airport Authority and used for Airport Authority purposes." (Ill. Rev. Stat. 1985, ch. 120, par. 500.20.) It is undisputed that plaintiff is an airport authority and that it owns the properties at issue here.

The Department contends that the Revenue Act requires plaintiff to establish that the properties were used exclusively for airport authority purposes to be entitled to exemption. However, section 19.20 of the Revenue Act does not condition exemption of airport authority land on "exclusive" or "public" use and the Department's reliance on *City of Lawrenceville v. Maxwell* (1955), 6 Ill. 2d 42, 126 N.E.2d 671, and *People ex rel. Lawless v. City of Quincy* (1946), 395 Ill. 190, 69 N.E.2d 892, is misplaced because both cases consider other exemption statutes which do require exclusive or public use. As an airport authority is a municipal corporation created pursuant to the Municipal Airport Authorities Act (Ill. Rev. Stat. 1985, ch. 15½, par. 68.1 *et seq.*), we consider that the purposes as set forth therein will determine what are authorized uses of its real estate by an airport authority. The Act provides that a municipal airport authority is created for

"[t]he establishment and continued maintenance and operation of safe, adequate and necessary public airports and public airport facilities *** and the creation of airport authorities having powers necessary or desirable for the establishment and continued maintenance and operation of such airports and facilities are declared and determined to be in the public interest, *and such powers and the corporate purposes and functions of such authorities, as herein stated, are declared to be public and governmental in nature and essential to the public interest.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 15½, par. 68.7.)

An "airport" is defined as "any locality *** used or designed for the

landing and taking off of aircraft, or for the location of *** hangars, buildings, structures, *** and other facilities." (Ill. Rev. Stat. 1985, ch. 15½, par. 68.1.) "Public airport" means an airport owned by an airport authority which is used or intended for use by public, commercial or private aircraft. (Ill. Rev. Stat. 1985, ch. 15½, par. 68.1.) An airport authority is empowered to lease and enter into contracts for the use of any public airport. (Ill. Rev. Stat. 1985, ch. 15½, par. 68.8—03.) From the foregoing, we conclude that property owned by plaintiff and leased to private parties for the purpose of aircraft storage and maintenance is entitled to tax exemption as it is used for airport authority purposes. On this basis we find that the properties numbered 84—22—79, 84—22—80, 84—22—43, 84—22—81, 84—22—82, and 84—22—327 are exempt from tax. We note that the Appellate Court for the Fifth District has reached the same conclusion by a similar analysis in *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1987), 163 Ill. App. 3d 253; however, the Appellate Court for the Third District has determined otherwise in *Marshall County Airport Board v. Department of Revenue* (1987), 163 Ill. App. 3d 874.

The Department further contends that the properties identified as numbers 84—22—138 and 84—22—139 are not tax exempt because they were leased to private parties for residential and farming purposes. Plaintiff responds that airport authority purposes include a broad spectrum of land use and, while conceding a private component to the uses of these parcels, plaintiff argues that both parcels were earmarked for future expansion of the airport, a purpose authorized by the legislature, and should thus be exempt.

An airport authority has the power to acquire property "used or useful for the location, establishment, maintenance, development, *expansion* *** of any such public airport" (emphasis added) (Ill. Rev. Stat. 1985, ch. 15½, par. 68.8—02) to carry out its intended purposes. (Ill. Rev. Stat. 1985, ch. 15½, par. 68.7.) However, where property is used for both exempt and nonexempt purposes, a tax should be assessed against the property devoted to nonexempt uses. (*City of Lawrenceville v. Maxwell* (1955), 6 Ill. 2d 42, 49, 126 N.E.2d 671.) Here, all of the property identified as number 84—22—138 and 74% of the property identified as number 84—22—139 was leased for private farming and residential use, neither of which is for an airport authority purpose. (*Cf. City of Lawrenceville v. Maxwell* (1955), 6 Ill. 2d 42, 49-50, 126 N.E.2d 671 (property used for farming was not used exclusively for municipal or public purposes).) We conclude that all of parcel number 84—22—138 and 74% of parcel number 84—22—139 is thus subject to tax. *Cf.* section 19.6 of the Revenue Act of 1939 (Ill.

Rev. Stat. 1985, ch. 120, par. 500.6) (Property owned by a county, village, taxing district or city held for future expansion or development is exempt from tax, but if such property is leased for other than public purposes, the property is subject to tax).

We note that when exempt real estate is leased to another whose property is not exempt, the leasehold interest is treated as real estate taxable to the lessee. Ill. Rev. Stat. 1985, ch. 120, par. 507; see *People ex rel. Korzen v. American Airlines, Inc.* (1967), 39 Ill. 2d 11, 12-15, 233 N.E.2d 568.

Accordingly, that portion of the trial court's order permitting tax exemptions for the parcels numbered 84—22—79, 84—22—80, 84—22—43, 84—22—81, 84—22—82, and 84—22—327 is affirmed. The order as directed to the parcels numbered 84—22—138 and 84—22—139 is reversed and the cause remanded with directions that a tax exemption be allowed for 26% of parcel number 84—22—139 for the year 1984.

Affirmed in part; reversed in part and remanded.

INGLIS and REINHARD, JJ., concur.